UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                            )
                                  )     Chapter 7
GANNON CENTER FOR COMMUNITY       )
MENTAL HEALTH                     )     Bankruptcy No. 06-01545
                                  )
    Debtor.                       )

### ORDER RE: MOTION TO STRIKE OBJECTION

This matter came before the undersigned on January 25, 2008 for telephonic hearing on Trustee's Motion to Strike Objection. Attorney Eric Lam appeared as counsel for Trustee Sheryl Schnittjer. Objector Mary Lou Baal appeared without counsel. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF FACTS

Attorney Eric Lam, counsel for Trustee, filed a Second Motion for allowance of fees and expenses, requesting $12,100 in fees and $20.21 in expenses. His first motion requested $7,000 of fees and $130 of expenses and was approved on June 4, 2007.

Mary Lou Baal filed an objection. She was a former employee of Debtor. She asserts Mr. Lam's work simply duplicated work already done by employees of Debtor prepetition. She requests fees be denied for time spent renegotiating contracts and providing tax and pension advice. Ms. Baal asserts Mr. Lam's fees deplete the estate and leave nothing for former employees.

Attorney Lam moves to strike the objection. He asserts Ms. Baal lacks standing to object to his fees. The deadline for filing a proof of claim was March 12, 2007. Ms. Baal had notice of the case and of the claims deadline and she chose not to file a claim. Furthermore, the bankruptcy estate has insufficient funds to pay all claims in full. Mr. Lam argues that, because Ms. Baal will not be receiving any dividend from the estate in this case, she lacks standing to object to allowance of his fees.

### CONCLUSIONS OF LAW

The Eighth Circuit Bankruptcy Appellate Panel has held that where the distribution of estate assets does not pecuniarily affect an individual, she did not have standing to pursue an appeal relating to the allowance of a claim. In re Kieffer-Mickes, Inc., 226 B.R. 204, 208 (B.A.P. 8th Cir. 1998). Similarly, this Court held in In re Blinks, No. 95-10100, slip

op. at 2 (Bankr. N.D. Iowa Apr. 19, 1996), that a Chapter 7 debtor in a no-asset case had no standing to object to the allowance of a claim. This is so because the debtor does not have a pecuniary interest in the distribution of the assets of the estate. In re Kapp, 611 F.2d 703, 706-07 (8th Cir. 1979) (construing "party in interest" standing to object to claims in the Bankruptcy Act); Kieffer-Mickes, 226 B.R. at 208. In contrast, this Court found a party which had not filed a claim to have standing to object to a Chapter 13 plan in In re Turpen, 218 B.R. 908, 911 (Bankr. N.D. Iowa 1998) (Edmonds, J.), where the confirmation hearing was held prior to the claims deadline.

## ANALYSIS

As previously noted, the deadline to file a proof of claim in this case was March 12, 2007. This matter is before the court on Ms. Baal's Objection filed November 23, 2007. Ms. Baal, having failed to timely file a proof of claim, does not have a pecuniary interest in this bankruptcy estate or in the allowance or disallowance of Mr. Lam's fees herein. As such, she does not have standing to object to the Second Motion for Allowance and Payment of Attorneys Fees and Expenses. In part, Ms. Baal appears to be arguing not only for herself but for fellow employees similarly situated. As Ms. Baal is not an attorney, she may only argue on her own behalf. Others must argue for themselves and have not done so. Because Ms. Baal has no standing to assert an objection on her own behalf, Trustee's Motion to Strike Objection must be granted.

**WHEREFORE**, Trustee's Motion to Strike Objection is GRANTED.

**FURTHER**, the Mary Lou Baal's Objection to Second Motion for Allowance and Payment of Attorney Fees and Expenses is hereby stricken and of no effect in this case.

DATED AND ENTERED:

January 29, 2008

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

2